**Gurbinder SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72665.

Agency No. A76–868–847.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Sept. 13, 2004.*

Decided Jan. 19, 2005.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Alison Marie Igoe, Francis W. Fraser, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Gurbinder Singh, a native and citizen of India, petitions for review of the final removal order of the Board of Immigration Appeals ("BIA"), which summarily affirmed the decision of an Immigration Judge ("IJ"). The IJ concluded that Singh's testimony was not credible, and so Singh had not established eligibility for political asylum, withholding, or relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Singh, a Sikh from the Punjabi district, claimed he had filed a human rights complaint based on his father's death following a beating when his father was in prison. Singh stated that he left India after the police raided his home while he was out, and that they threatened that if Singh did not withdraw the complaint "he's going to be finished off." The IJ found Singh's testimony not credible because at the hearing, he stated that he gave an affidavit to the "Khalra Action Committee." Singh also testified that he named that organization at his asylum interview. When the INS officer who had interviewed Singh testified, she stated that Singh did not know the name of the human rights organization at their interview, and that she had therefore found him not credible in her assessment. When asked directly again if he had told the asylum officer the name of the organization, Singh stated fourteen times (with small variations), "Whatever question she had asked, I gave the answer to that question" without ever simply saying yes or no. The IJ warned Singh that he was being evasive, and Singh denied that he was changing his statement.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

In her oral decision, the IJ found Singh not credible on the basis of the asylum officer's testimony and his "contradicting statement in court," concluding that "the respondent had not been truthful and is now changing his testimony because he is confronted with the individual [by] whom he had been interviewed." Because the BIA affirmed without opinion, we review the IJ's decision as if it were the BIA's. *See Khup v. Ashcroft*, 376 F.3d 898, 902 (9th Cir.2004). Where, as here, the decision gives "a specific, cogent reason for questioning a petitioner's credibility, the petitioner must show that the evidence compelled a contrary conclusion in order to overcome the special deference accorded to the BIA's credibility determinations." *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003).

Singh has not shown that the evidence compels a finding that his testimony was credible. The IJ articulated a legitimate basis to question his testimony, based on a discrepancy that went to the heart of Singh's asylum claim. *See id.* Further, Singh provided no corroborating evidence that would compel us to believe his testimony despite its inconsistency. *See id.* (where legitimate reason for doubting credibility exists and there is no corroborating evidence, "we cannot say that we are compelled to believe" asylum applicant (quotations omitted)).

PETITION FOR REVIEW DENIED.